**In re KEVIN H., Christina H. and Nathan H.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1990.
Decided Sept. 28, 1990.

---

Robert Mullen, Linnell, Choate & Webber, Auburn, for plaintiff.

Geoffrey P. Goodwin and Margaret H. Semple, Asst. Attys. Gen., Dept. of Human Services, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Jerome H., the father [1] of Kevin Phillip H., Christina Lynne H., and Nathan Michael H., appeals from a judgment of the District Court (Lewiston, *Gorman, J.*) terminating his parental rights pursuant to 22 M.R.S.A. § 4055 (Supp.1989). Finding no error, we affirm the judgment.

The District Court found by clear and convincing evidence that the father, who at the time of the hearing was serving a sentence of imprisonment on his conviction of gross sexual misconduct involving a child not his own,[2] is unable to protect his children from jeopardy and that the circumstances are unlikely to change within a time that is reasonably calculated to meets the needs of the children within the meaning of 22 M.R.S.A. § 4055(1)(B)(2)(b)(i). The court further found that the father is unable to take responsibility for his children within a time reasonably calculated to meet the needs of the children, 22 M.R.S.A. § 4055(1)(B)(2)(b)(ii). The court also concluded, again by clear and convincing evidence, that termination of the father's parental rights is in the best interests of the children.[3] 22 M.R.S.A. § 4055(1)(B)(2)(a). Contrary to the contentions of the father, there is ample support in the record for those findings. *In re Hope H.,* 541 A.2d

---

1. The mother of the children is deceased.

2. The victim of the gross sexual misconduct was a young child for whom the father was babysitting.

3. At the time of the hearing, the children had been in foster care for several years and had not seen their father since 1985.

165, 166 (Me.1988); *In re Misty Lee H.*, 529 A.2d 331, 333 (Me.1987); *see also In re Jeffrey E.*, 557 A.2d 954, 956 (Me.1989).

The District Court did not base its decision on 22 M.R.S.A. § 4055(1–A)(B), which provides a presumption that a parent convicted of certain crimes against a child for whom he is responsible, including gross sexual misconduct, is unwilling or unable to protect his own children from jeopardy. We therefore do not address the father's contention that the application of that section violates his constitutional rights to due process and equal protection of the law.

The entry is:

Judgment affirmed.

All concurring.